```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :    PROTECTIVE ORDER ON CONSENT
                                 :
     - v. -                      :    S1 15 Cr. 360 (LAP)
                                 :
BRIAN COLL AND                   :
BYRON TAYLOR,                    :
                                 :
               Defendants.       :
- - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/25/15

Upon the application of the United States Attorney for the Southern District of New York, and with the consent of BRIAN COLL and BYRON TAYLOR, the defendants, through counsel, for the entry of a Protective Order, and for good cause shown, IT IS HEREBY ORDERED THAT:

1. With the exception of otherwise publicly available documents and information, any documents, the information contained therein, and other information provided by the Government to the defendants pursuant to Federal Rule of Criminal Procedure 16, Title 18, United States Code, Section 3500, *Brady v. Maryland*, or *United States v. Giglio*, are deemed confidential ("Confidential Information"). Confidential Information disclosed to the defendants and/or their counsel during the course of proceedings in this action:

   a. Shall be used by the defendants and/or their counsel solely for purposes of this criminal action;

b. Shall not be disclosed in any form by the defendants and/or their counsel to members of the media or used for any commercial or business purpose;

c. Shall not be disclosed in any form by the defendants and/or their counsel except as set forth in paragraph 2 below.

2. Confidential Information may be disclosed by the defendants and/or their criminal counsel only to the following designated persons: (i) all personnel employed or retained by the defendant's criminal counsel; (ii) expert witnesses or advisors or counsel engaged or consulted by the defendant(s) and/or his/their criminal counsel in connection with the criminal case; (iii) witnesses, prospective witnesses, and their counsel, to the extent deemed necessary by defense counsel, for the purposes of the criminal proceedings in this case; and (iv) such other persons as hereafter may be authorized by the Government or by order issued by any Court. If Confidential Information is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials in accordance with paragraph 5 below.

3. The defendants and/or their counsel shall provide a copy of this Order to the designated persons to whom they disclose Confidential Information pursuant to subparagraphs 2(i)-

(iv). Designated persons shall be subject to the terms of this Order. The defendants and/or their counsel shall maintain a record of all such persons to whom they provide Confidential Information.

4. The defendants and/or their counsel shall use reasonable care to ensure that the Confidential Information is not disclosed or disseminated to any third parties in violation of this Protective Order. In the event of an inadvertent disclosure of Confidential Information, the defendants and/or their counsel shall promptly notify the Court and the Government as to the identity of the recipient of the inadvertently produced Confidential Information and shall use reasonable efforts to secure the return or destruction of the inadvertently produced Confidential Information.

5. The defendants and/or their counsel agree that they have no ownership interest in the materials subject to this Protective Order, except that any preexisting ownership interest in such materials that exists shall not be affected by this Order. The defendants and/or their counsel further agree that all such materials are to be returned to the Government or destroyed at the end of the criminal proceeding, or upon Order of the Court, whichever occurs first.

6. The provisions of this Order shall not be construed as preventing the use or disclosure of any information in any motion, hearing, trial held in this action, any appeal therefrom, or to any Judge or Magistrate Judge of this Court or the Court of Appeals for purposes of this action, except that defense counsel may retain such materials as are annexed to pleadings filed with the Court or the Court of Appeals in this case.

7. The defendants and/or their counsel will abide by the restrictions set forth in this Order unless the defendants and/or their counsel make a written request to the Government for an exception to these restrictions, and such a request is granted. The Government shall make all reasonable efforts to accommodate such exceptions. If such exceptions are refused, the defendants and/or their counsel may seek relief from the Court, with advance notice to the Government.

8. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken

together will constitute the Order.

Dated: New York, New York
June 24, 2015

AGREED AND CONSENTED TO:

PREET BHARARA
UNITED STATES ATTORNEY

BY: /s/ Brooke E. Cucinella
Brooke E. Cucinella
Jeannette A. Vargas
Assistant United States Attorneys

BRIAN COLL, Defendant

BY: /s/
Sam Schmidt, Esq.
Counsel for Byron Taylor

BYRON TAYLOR, Defendant

BY: /s/
Sam Braverman, Esq.
Counsel for Byron Taylor

SO ORDERED:

/s/ Loretta A. Preska
HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

June 25, 2015
Date

5